Marvin H. Kleinberg (State Bar No. 24,953)
mkleinberg@kleinberglerner.com
Michael Hurey (State Bar No. 139,550)
mhurey@kleinberglerner.com
Bradford E. Mattes (State Bar No. 159,004)
bemattes@kleinberglerner.com
Steven J. Kim (State Bar No. 297,235)
skim@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Telephone:  310- 557-1511
Facsimile:   310- 557-1540

Attorneys for Plaintiff
VINOTEMP INTERNATIONAL CORPORATION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| VINOTEMP INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LA CROSSE TECHNOLOGY, LTD. a Wisconsin Corporation, and Does 1- 10 inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff VINOTEMP INTERNATIONAL CORPORATION ("Vinotemp"), for its Complaint against Defendant LA CROSSE TECHNOLOGY, LTD. ("La Crosse") alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for patent infringement arising under the Patent Laws, 35 U.S.C. §§101 *et. seq.*

2. This Court has exclusive subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over La Crosse because La Crosse has committed one or more of the infringing acts here in California and in this district, La Crosse has made sales in California and in this district, and La Crosse regularly conducts business in California and in this district.

4. Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b), and 1400(b).

## PARTIES

5. Plaintiff Vinotemp is a corporation organized and existing under the laws of the State of California, with its principal place of business at 17631 S. Susana Road, Rancho Dominguez, California, 90221. Vinotemp is an industry leader in the field of wine cellars, wine cooling units, wine storage cabinets, and wine storage management and monitoring devices.

6. On information and belief, defendant La Crosse is a foreign business corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 2809 S. Losey Blvd., La Crosse, Wisconsin, 54601.

## FIRST CAUSE OF ACTION
(Infringement of U.S. Patent No. 8,710,985)

7. Vinotemp incorporates by reference the allegations contained in paragraphs 1 - 6 above.

8. On April 29, 2014 United States Letters Patent No. US 8,710,985 B2 (the "'985 Patent") were issued to Vinotemp for an invention in a Wine Cellar Alarm System. Vinotemp owned the '985 Patent throughout the period of La Crosse's infringing acts and still owns the '985 Patent.

9. La Crosse is inducing infringement of Claim 9 of the '985 Patent by suggesting or indicating that its temperature and humidity monitor ("Monitor"), model number D111.E1.BP.WI, be used to monitor wine cellars or other wine storage means. The Monitor embodies all of the limitations of Claim 9 of the '985 Patent except for the limitation requiring that it be connected to a wine cellar or wine storage means. Direct infringement of Claim 9 occurs when the Monitor is connected to a wine cellar or other wine storage means. La Crosse induces this direct infringement by suggesting or indicating that its Monitor be connected to a wine cellar or wine storage means.

10. Vinotemp, through its counsel, sent La Crosse a letter, Exhibit A, in which it provided La Crosse with (a) a copy of the '985 Patent (Ex. 1 to Ex. A), (b) an explanation of how La Crosse was inducing infringement of Claim 9 of the '985 Patent along with a claim chart showing that infringement (Ex. 2 to Ex. A), and (3) numerous examples of how La Crosse is inducing infringement of Claim 9 of the '985 Patent by suggesting or indicating that its Monitor can be used to monitor a wine cellar or other wine storage means, Exs. 3-13 to Ex. A. Notwithstanding the letter, Exhibit A, putting La Crosse on notice of how it is inducing others to infringe Claim 9 of the '985 Patent, La Crosse specifically intends to continue inducing such infringement and to encourage such infringement because it continues to suggest or indicate that its Monitor be used to monitor wine cellars or other wine storage means. In light of the letter, Exhibit A, La Crosse knows that making such suggestions and indications will induce others to infringe Claim 9 of the '985 Patent. Since La Crosse received the letter, Exhibit A, and since La Crosse continues to suggest or indicate that its Monitor be used with wine cellars or other wine storage means knowing that such suggestions or indications induce infringement, La

Crosse is actively and willfully inducing others to infringe Claim 9 of the '985 Patent in violation of 35 U.S.C. 271(b).

11. As a direct and proximate result of the foregoing acts of La Crosse, Vinotemp has suffered monetary damages in an amount not yet determined, but not less than a reasonable royalty. Vinotemp is entitled to an award of monetary damages under 35 U.S.C. §284.

12. The foregoing acts of La Crosse are in conscious and willful disregard of Vinotemp's rights, and constitute willful infringement entitling Vinotemp to an award of treble damages under 35 U.S.C. §284.

13. La Crosse's conduct and actions make this an exceptional case under 35 U.S.C. §285 thereby entitling Vinotemp to an award of its reasonable attorney's fees.

## VINOTEMP'S DEMANDS

Therefore, Vinotemp respectfully demands judgment in its favor and against La Crosse, such judgment including without limitation:

A. A finding that the '985 Patent is valid and enforceable;

B. A finding that La Crosse is liable for actively inducing infringement of Claim 9 of the '985 Patent;

C. A preliminary and permanent injunction pursuant to 35 U.S.C. §283 enjoining La Crosse, and all of its affiliates, subsidiaries, officers, employees, agents, representatives, licensees, successors, assigns, and all those acting in concert with, or for or on behalf of La Crosse from inducing infringement of Claim 9 of the '985 Patent;

D. An accounting for damages and an award of damages resulting from La Crosse's infringement of Claim 9 of the '985 Patent in an amount not less than a reasonable royalty pursuant to 35 U.S.C. §284;

E. Increasing the damages by three times the amount found or assessed as authorized by 35 U.S.C. §284;

F.  A finding that La Crosse's continuing infringement has been willful and that La Crosse's actions and conduct make this an exceptional case under 35 U.S.C. §285;

G.  Awarding Vinotemp its reasonable attorneys' fees pursuant to 35 U.S.C. §285;

H.  Awarding Vinotemp prejudgment interest and post-judgment interest on the damages;

I.  Awarding Vinotemp its costs and expenses incurred in connection with this action; and

J.  Such other and further relief as to the Court deems just.

KLEINBERG & LERNER, LLP

DATED: January 8, 2015          By: /s/ Marvin H. Kleinberg
                                Marvin H. Kleinberg
                                Michael Hurey
                                Bradford E. Mattes
                                Steven J. Kim

                                Attorneys for Plaintiff VINOTEMP INTERNATIONAL CORP.

COMPLAINT FOR PATENT INFRINGEMENT

## JURY DEMAND

Vinotemp demands a jury trial on all issues that are triable to a jury as a matter of right.

KLEINBERG & LERNER, LLP

DATED: January 8, 2015

By: /s/ Marvin H. Kleinberg
Marvin H. Kleinberg
Michael Hurey
Steven J. Kim
Bradford E. Mattes
Attorneys for Plaintiff VINOTEMP
INTERNATIONAL CORP.

COMPLAINT FOR PATENT INFRINGEMENT